# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: December 4, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| TABITHA PRICE, as Mother and Natural Guardian of D.P., | * * * | UNPUBLISHED |
| Petitioner, | * * * | Special Master Gowen |
| v. | * * | No. 11-442V |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * * | Proffer; DTaP; MMR; Prevnar; Anaphylactic Reaction; Seizure Disorder; Developmental Delay. |
| Respondent. | * * | |
| * * * * * * * * * * * * | | |

Clifford John Shoemaker, Shoemaker and Associates, Vienna, VA, for petitioner.
Robert Paul Coleman, III, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON PROFFER[1]

On July 7, 2011, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"), as mother and natural guardian of D.P. Petition (ECF No. 1). Petitioner alleged that as a result of receiving Diphtheria-Tetanus-acellular-Pertussis ("DTaP"), Measles-Mumps-Rubella ("MMR") and Pneumococcal Conjugate ("Prevnar") vaccines on August 4, 2008, D.P. had a severe anaphylactic reaction within two minutes of the vaccinations, which caused him to suffer a grand mal seizure. Petitioner further alleged that several hours later D.P. experienced more seizures and subsequently developed a seizure disorder and secondary developmental delay. *Id.*

On April 19, 2012, respondent filed his Rule 4(c) Report in which he contested entitlement to compensation in this case. Respondent's Report (ECF No. 24). An entitlement hearing was

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the website of the United States Court of Federal Claims, pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012). The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

held on September 19, 2014, and a ruling on entitlement was issued on October 29, 2015, finding petitioner entitled to compensation. Ruling on Entitlement (ECF No. 91).

Counsel for the parties have worked extensively with their experts and have come to a resolution of damages. Their respective life care planners have agreed on future care issues and costs, lost future earnings, pain and suffering, past unreimbursable expenses, and the satisfaction of a State of Georgia WellCare Medicaid lien. On September 7, 2018, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded: (1) a lump sum payment of $1,250,898.64, representing compensation for lost earnings ($889,283.44), pain and suffering ($250,000.00), and life care expenses for Year One ($111,615.20); (2) a lump sum payment of $17,342.98, representing compensation for satisfaction of the State of Georgia WellCare Medicaid lien; and (3) an amount sufficient to purchase the annuity contract described in the Proffer. Proffer at 3-4 (ECF No. 187).

Respondent represented in the Proffer that petitioner agrees with the proffered award. I have reviewed the proffer and do award damages in accord with it. The Proffer is incorporated herein and made a part hereof as Appendix A. Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

**Pursuant to the terms stated in the attached Proffer**, **the undersigned awards petitioner the following in compensation:[3]**

A. **A lump sum payment of $1,250,898.64**, representing compensation for lost earnings ($889,283.44), pain and suffering ($250,000.00), and life care expenses for Year One ($111,615.20), in the form of a check payable to Michael T. Smith, Esq., as Conservator of D.P., for the benefit of D.P.

B. **A lump sum payment of $17,342.98**, representing compensation for satisfaction of the State of Georgia WellCare Medicaid lien, payable jointly to Michael T. Smith, Esq., as Conservator of D.P., and

> Equian, LLC
> P.O. Box 32140
> Louisville, KY 40232-2140
> Equian File No.: 744984-116716
> Attn: Stephen Snabb

Mr. Michael T. Smith, Esq. agrees to endorse this payment to Equian, LLC.

---

[3] A decision awarding petitioner damages in accord with the Proffer was originally issued on September 10, 2018. Thereafter, on November 29, 2018, petitioner filed a motion to amend the judgment to reflect that Mr. Michael T. Smith, Esq. had been appointed conservator of D.P.'s estate by the Probate Court of Barrow County, Georgia (ECF No. 193). The motion was accompanied by Letters of Conservatorship reflecting the same (ECF No. 192).

The decision awarding petitioner damages in accord with the Proffer was withdrawn from the record on December 4, 2018, and this decision is issued in its place, to reflect Mr. Smith as conservator.

**C.** An amount sufficient to purchase an annuity contract as described in Section II. C of the Proffer attached herein as Appendix A, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart attached as Tab A to the Proffer, paid to the life insurance company from which the annuity will be purchased.

The Clerk of the Court is directed to enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| TABITHA PRICE, as Mother and Natural Guardian of D.P., ) ) ) ) Petitioner, ) ) v. ) ) SECRETARY OF THE DEPARTMENT OF ) HEALTH AND HUMAN SERVICES, ) ) Respondent. ) ) | No. 11-442V<br>Special Master Gowen<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.    Items of Compensation**

    A.    Life Care Items

The respondent engaged life care planner, Laura E. Fox, MSN, RN, CDDN, CNLCP, and petitioner engaged Tresa Johnson, RN, BSN, CNLCP, to provide an estimation of D.P.'s future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in the Special Master's Ruling on Entitlement, filed October 29, 2015. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for D.P., attached hereto as Tab A.[1] Respondent proffers that D.P. should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.[2] Petitioner agrees.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

[2] The parties have no objection to the proffered award of damages. Assuming the Special Master issues a damages decision in conformity with this proffer, the parties intend to waive their right

B. <u>Lost Future Earnings</u>

The parties agree that based upon the evidence of record, D.P. will not be gainfully employed in the future. Therefore, respondent proffers that D.P. should be awarded lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(B). Respondent proffers that the appropriate award for D.P.'s lost earnings is $889,283.44. Petitioner agrees.

C. <u>Pain and Suffering</u>

Respondent proffers that D.P. should be awarded $250,000.00 in actual pain and suffering. <u>See</u> 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

D. <u>Past Unreimbursable Expenses</u>

Petitioner represents that she has not incurred past unreimbursable expenses related to D.P.'s vaccine-related injury.

E. <u>Medicaid Lien</u>

Respondent proffers that D.P. should be awarded funds to satisfy a State of Georgia WellCare Medicaid lien in the amount of $17,342.98, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Georgia WellCare may have against any individual as a result of any Medicaid payments the State of Georgia WellCare has made to or on behalf of D.P. from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury suffered on or about August 4, 2008, under Title XIX of the Social Security Act.

---

to seek review of such damages decision, recognizing that respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek review of the Special Master's October 29, 2015, decision finding petitioner entitled to an award under the Vaccine Act. This right accrues following entry of judgment.

**II.    Form of the Award**

The parties recommend that the compensation provided to D.P. should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[3]

A.  A lump sum payment of $1,250,898.64 representing compensation for lost earnings ($889,283.44), pain and suffering ($250,000.00), and life care expenses for Year One ($111,615.20), in the form of a check payable to petitioner as guardian/conservator of D.P., for the benefit of D.P.  No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian/conservator of D.P.'s estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of D.P., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of D.P. upon submission of written documentation of such appointment to the Secretary.

B.  A lump sum payment of $17,342.98, representing compensation for satisfaction of the State of Georgia WellCare Medicaid lien, payable jointly to petitioner and

> Equian, LLC
> P.O. Box 32140
> Louisville, KY 40232-2140
> Equian File No.: 744984-116716
> Attn: Stephen Snabb

Petitioner agrees to endorse this payment to Equian, LLC.

---

[3]  Should D.P. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, lost future earnings, and future pain and suffering.

C. An amount sufficient to purchase the annuity contract,[4] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A attached hereto, paid to the life insurance company[5] from which the annuity will be purchased.[6] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner as guardian of the estate of D.P., only so long as D.P. is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

---

[4] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[5] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. D.P. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

1. Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

2. Life-Contingent Annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as D.P. is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of D.P.'s death.

3. Guardianship

No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian/conservator of D.P.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of D.P., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of D.P. upon submission of written documentation of such appointment to the Secretary.

---

[6] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

**III.   Summary of Recommended Payments Following Judgment**

    A.    Lump sum paid to petitioner as court-appointed guardian/conservator of D.P.'s estate: **$1,250,898.64**

    B.    Medicaid Lien: **$ 17,342.98**

    C.    An amount sufficient to purchase the annuity contract described above in section II. C.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

*/S/* Robert P. Coleman III
ROBERT P. COLEMAN III
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Telephone: (202) 305-0274

Dated: September 7, 2018

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Years 4-6 | Compensation Years 7-8 | Compensation Years 9-10 | Compensation Year 11 | Compensation Year 12 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2018 | 2019 | 2020 | 2021-2023 | 2024-2025 | 2026-2027 | 2028 | 2029 |
| Medical Ins | 5% | | M | 3,094.80 | 3,094.80 | 3,094.80 | 3,094.80 | 3,094.80 | 3,094.80 | 3,094.80 | 3,094.80 |
| Anthem MOP | 5% | | | 6,350.00 | 3,456.00 | 3,456.00 | 3,456.00 | 3,456.00 | 3,456.00 | 3,456.00 | 3,456.00 |
| Medicare Part B Premium | 5% | | M | | | | | | | | |
| Medicare Part B Deductible | 5% | | | | | | | | | | |
| Medigap G | 5% | | M | | | | | | | | |
| Medicare Part D & Meds | 5% | | M | | | | | | | | |
| Primary Care | 5% | * | | | | | | | | | |
| Mileage: PCP | 4% | | | 2.70 | 2.70 | 2.70 | 2.70 | 2.70 | 2.70 | 2.70 | 2.70 |
| Neurologist | 5% | * | | 280.00 | 280.00 | 280.00 | 280.00 | 280.00 | | | |
| Mileage: Neurologist | 4% | | | 92.88 | 92.88 | 92.88 | 92.88 | 92.88 | 92.88 | 92.88 | 92.88 |
| EEG | 5% | * | | | | | | | | | |
| MRI | 5% | * | | | | | | | | | |
| Vision Therapy | 4% | * | | | | | | | | | |
| Vision Therapy Follow Up | 4% | * | | | | | | | | | |
| Psychiatrist | 5% | * | | | | | | | | | |
| Mileage: Psychiatrist | 4% | | | 11.34 | 11.34 | 11.34 | 11.34 | 11.34 | 11.34 | 11.34 | 11.34 |
| Dentist | 5% | * | | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 |
| Mileage: Dentist | 4% | | | 5.76 | 5.76 | 5.76 | 5.76 | 5.76 | 5.76 | 5.76 | 5.76 |
| Night Guard | 4% | * | | 27.70 | 27.70 | 27.70 | 27.70 | 27.70 | 27.70 | 27.70 | 27.70 |
| ER | 5% | * | | | | | | | | | |
| Hospitalization | 5% | * | | | | | | | | | |
| Orthopedic Surgeon for Scoliosis | 5% | * | | | | | | | | | |
| PT Eval | 4% | * | | 400.00 | 400.00 | 400.00 | 400.00 | 200.00 | 200.00 | 200.00 | 200.00 |
| Mileage: PT Eval | 4% | | | 5.76 | 5.76 | 5.76 | 5.76 | 2.88 | 2.88 | 2.88 | 2.88 |
| PT | 4% | * | M | 12,000.00 | 12,000.00 | 12,000.00 | 12,000.00 | 6,000.00 | | | |
| Mileage: PT | 4% | | | 276.48 | 276.48 | 276.48 | 276.48 | 138.24 | 138.24 | 138.24 | 138.24 |
| PT Eval for Home Exercise Prgm | 4% | * | | | | | | | | | |
| OT Eval | 4% | * | | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | | | |
| OT | 4% | * | M | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | | | |
| ST Eval | 4% | * | | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | | | |
| ST | 4% | * | M | 4,680.00 | 4,680.00 | 3,120.00 | 3,120.00 | 3,120.00 | | | |

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Years 4-6 | Compensation Years 7-8 | Compensation Years 9-10 | Compensation Year 11 | Compensation Year 12 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2018 | 2019 | 2020 | 2021-2023 | 2024-2025 | 2026-2027 | 2028 | 2029 |
| Mileage: ST, OT | 4% | | | 207.36 | 207.36 | 207.36 | 207.36 | 138.24 | 138.24 | 138.24 | 138.24 |
| Listening Therapy | 4% | | | 39.99 | | | | | | | |
| Lamictal 150 mg | 5% | * | | | | | | | | | |
| Lamictal 50 mg | 5% | * | | | | | | | | | |
| Diazepam | 5% | * | | | | | | | | | |
| Klonopin | 5% | * | | | | | | | | | |
| Fiber Gummies | 4% | | | 36.46 | 36.46 | 36.46 | 36.46 | 36.46 | 36.46 | 36.46 | 36.46 |
| Pediasure | 4% | | | 454.88 | 454.88 | 454.88 | 454.88 | 454.88 | 454.88 | 454.88 | |
| Manual WC | 4% | * | | | | | | | | | |
| Shower Chair | 4% | | | | | 64.45 | 12.89 | 12.89 | 12.89 | 12.89 | 12.89 |
| Rifton Bike | 4% | * | | | | | | | | | |
| Free Weights | 4% | | | 38.33 | 3.83 | 3.83 | 3.83 | 3.83 | 3.83 | 3.83 | 3.83 |
| Ankle Weights | 4% | | | 36.49 | 3.65 | 3.65 | 3.65 | 3.65 | 3.65 | 3.65 | 3.65 |
| Floor Mat | 4% | | | 279.00 | | | | | | 279.00 | |
| Therabands | 4% | | | 36.65 | 12.22 | 12.22 | 12.22 | 12.22 | 12.22 | 12.22 | 12.22 |
| Vestibular Swing | 4% | | | 943.64 | | | | | | | |
| Lycra Swing | 4% | | | 90.00 | | | | | | | |
| Glider | 4% | | | 118.95 | | | | | | | |
| Scooter Board | 4% | | | 139.95 | | | | | | 139.95 | |
| ADL Items | 4% | | | 350.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 25.00 |
| Social Skills Group | 4% | | | 450.00 | 225.00 | 225.00 | 225.00 | 225.00 | 225.00 | 225.00 | |
| Mileage: Social Skills Group | 4% | | | 241.92 | 120.96 | 120.96 | 120.96 | 120.96 | 120.96 | 120.96 | |
| Summer Camp | 4% | | | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | |
| Mileage: Summer Camp | 4% | | | 20.16 | 20.16 | 20.16 | 20.16 | 20.16 | 20.16 | 20.16 | |
| Psychologist | 4% | * | | | | | | | | | |
| Mileage: Psychologist | 4% | | | | | 28.80 | 28.80 | 28.80 | | | |
| Case Mngt | 4% | | M | 4,080.00 | 4,080.00 | 3,060.00 | 3,060.00 | 2,040.00 | 2,040.00 | 2,040.00 | 2,040.00 |
| Home Mods | 4% | | | 15,000.00 | | | | | | | |
| Bruno Seat | 4% | | | 8,500.00 | 1,214.28 | 1,214.28 | 1,214.28 | 1,214.28 | 1,214.28 | 1,214.28 | 1,214.28 |
| Non Skilled Care School Days | 4% | | M | 19,980.00 | 19,980.00 | 19,980.00 | 19,980.00 | 19,980.00 | 19,980.00 | 19,980.00 | |
| Non Skilled Care Non School Days | 4% | | M | 26,344.00 | 26,344.00 | 26,344.00 | 26,344.00 | 26,344.00 | 26,344.00 | 26,344.00 | |

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Years 4-6 | Compensation Years 7-8 | Compensation Years 9-10 | Compensation Year 11 | Compensation Year 12 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2018 | 2019 | 2020 | 2021-2023 | 2024-2025 | 2026-2027 | 2028 | 2029 |
| Adult Non Skilled Care | 4% | | M | | | | | | | | 95,812.50 |
| Lost Future Earnings | | | | 889,283.44 | | | | | | | |
| Pain and Suffering | | | | 250,000.00 | | | | | | | |
| Medicaid Lien | | | | 17,342.98 | | | | | | | |
| Annual Totals | | | | 1,268,241.62 | 84,215.02 | 81,699.47 | 81,647.91 | 74,188.87 | 58,388.87 | 58,807.82 | 106,631.37 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed
guardian(s)/conservators(s) of the estate of D.P. for the benefit of D.P., for lost future earnings ($889,283.44),
pain and suffering ($250,000.00), and Yr 1 life care expenses ($111,615.20): $1,250,898.64.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to
petitioner and Equian, LLC, as reimbursement of the Wellcare Medicaid lien: $17,342.98.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Years 13-15 2030-2032 | Compensation Years 16-20 2033-2037 | Compensation Year 21 2038 | Compensation Years 22-Life 2039-Life |
|---|---|---|---|---|---|---|---|
| Medical Ins | 5% |  | M | 3,094.80 | 3,094.80 |  |  |
| Anthem MOP | 5% |  |  | 3,456.00 | 3,456.00 |  |  |
| Medicare Part B Premium | 5% |  | M |  |  | 1,608.00 | 1,608.00 |
| Medicare Part B Deductible | 5% |  |  |  |  | 183.00 | 183.00 |
| Medigap G | 5% |  | M |  |  | 1,548.00 | 1,548.00 |
| Medicare Part D & Meds | 5% |  | M |  |  | 721.02 | 721.02 |
| Primary Care | 5% | * |  |  |  |  |  |
| Mileage: PCP | 4% |  |  | 2.70 | 2.70 | 2.70 | 2.70 |
| Neurologist | 5% | * |  |  |  |  |  |
| Mileage: Neurologist | 4% |  |  | 92.88 | 92.88 | 92.88 | 92.88 |
| EEG | 5% | * |  |  |  |  |  |
| MRI | 5% | * |  |  |  |  |  |
| Vision Therapy | 4% | * |  |  |  |  |  |
| Vision Therapy Follow Up | 4% | * |  |  |  |  |  |
| Psychiatrist | 5% | * |  |  |  |  |  |
| Mileage: Psychiatrist | 4% |  |  | 11.34 | 11.34 | 11.34 | 11.34 |
| Dentist | 5% | * |  | 300.00 | 300.00 | 300.00 | 300.00 |
| Mileage: Dentist | 4% |  |  | 5.76 | 5.76 | 5.76 | 5.76 |
| Night Guard | 4% | * |  | 27.70 | 138.50 | 138.50 | 138.50 |
| ER | 5% | * |  |  |  |  |  |
| Hospitalization | 5% | * |  |  |  |  |  |
| Orthopedic Surgeon for Scoliosis | 5% | * |  |  |  |  |  |
| PT Eval | 4% | * |  | 200.00 |  |  |  |
| Mileage: PT Eval | 4% |  |  | 2.88 |  |  |  |
| PT | 4% | * | M |  |  |  |  |
| Mileage: PT | 4% |  |  |  |  |  |  |
| PT Eval for Home Exercise Prgm | 4% | * |  |  |  |  |  |
| OT Eval | 4% | * |  |  |  |  |  |
| OT | 4% | * | M |  |  |  |  |
| ST Eval | 4% | * |  |  |  |  |  |
| ST | 4% | * | M |  |  |  |  |

Case 1:11-vv-00442-UNJ Document 200 Filed 01/02/19 Page 14 of 15
Appendix A: Items of Compensation for D.P.

Page 5 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Years 13-15 2030-2032 | Compensation Years 16-20 2033-2037 | Compensation Year 21 2038 | Compensation Years 22-Life 2039-Life |
|---|---|---|---|---|---|---|---|
| Mileage: ST, OT | 4% | | | | | | |
| Listening Therapy | 4% | | | | | | |
| Lamictal 150 mg | 5% | * | | | | | |
| Lamictal 50 mg | 5% | * | | | | | |
| Diazepam | 5% | * | | | | | |
| Klonopin | 5% | * | | | | | |
| Fiber Gummies | 4% | | | 36.46 | 36.46 | 36.46 | 36.46 |
| Pediasure | 4% | | | | | | |
| Manual WC | 4% | * | | | | | |
| Shower Chair | 4% | | | 12.89 | 12.89 | 12.89 | 12.89 |
| Rifton Bike | 4% | * | | | | | |
| Free Weights | 4% | | | 3.83 | 3.83 | 3.83 | 3.83 |
| Ankle Weights | 4% | | | 3.65 | 3.65 | 3.65 | 3.65 |
| Floor Mat | 4% | | | | | 19.99 | 2.00 |
| Therabands | 4% | | | 12.22 | 12.22 | 12.22 | 12.22 |
| Vestibular Swing | 4% | | | | | | |
| Lycra Swing | 4% | | | | | | |
| Glider | 4% | | | | | | |
| Scooter Board | 4% | | | | | | |
| ADL Items | 4% | | | 25.00 | 25.00 | 25.00 | 25.00 |
| Social Skills Group | 4% | | | | | | |
| Mileage: Social Skills Group | 4% | | | | | | |
| Summer Camp | 4% | | | | | | |
| Mileage: Summer Camp | 4% | | | | | | |
| Psychologist | 4% | * | | | | | |
| Mileage: Psychologist | 4% | | | | | | |
| Case Mngt | 4% | | M | 1,530.00 | 1,530.00 | 1,530.00 | 1,530.00 |
| Home Mods | 4% | | | | | | |
| Bruno Seat | 4% | | | 1,214.28 | 1,214.28 | 1,214.28 | 1,214.28 |
| Non Skilled Care School Days | 4% | | M | | | | |
| Non Skilled Care Non School Days | 4% | | M | | | | |

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Years 13-15 | Compensation Years 16-20 | Compensation Year 21 | Compensation Years 22-Life |
|---|---|---|---|---|---|---|---|
| | | | | 2030-2032 | 2033-2037 | 2038 | 2039-Life |
| Adult Non Skilled Care | 4% | | M | 95,812.50 | 95,812.50 | 95,812.50 | 95,812.50 |
| Lost Future Earnings | | | | | | | |
| Pain and Suffering | | | | | | | |
| Medicaid Lien | | | | | | | |
| Annual Totals | | | | 105,844.89 | 105,752.81 | 103,282.02 | 103,264.03 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed
guardian(s)/conservators(s) of the estate of D.P. for the benefit of D.P., for lost future earnings ($889,283.44),
pain and suffering ($250,000.00), and Yr 1 life care expenses ($111,615.20): $1,250,898.64.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to
petitioner and Equian, LLC, as reimbursement of the Wellcare Medicaid lien: $17,342.98.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.