# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: March 22, 2019

| | |
|---|---|
| * * * * * * * * * * * * * | |
| TABITHA PRICE, as Mother and    * | |
| Natural Guardian of D.P.,    * | UNPUBLISHED |
|   * | |
|         Petitioner,    * | No. 11-442V |
|   * | Special Master Gowen |
| v.    * | |
|   * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH    * | |
| AND HUMAN SERVICES,    * | |
|   * | |
|         Respondent.    * | |
| * * * * * * * * * * * * * | |

Clifford J. Shoemaker, Shoemaker and Associates, Vienna, VA, for Petitioner.
Robert P. Coleman, III, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 10, 2018, Tabitha Price ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 197). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs and awards a total of $70,744.23.

I. **Procedural History**

On July 7, 2011, Petitioner filed a petition in the National Vaccine Injury Compensation Program as mother and natural guardian of D.P., a minor.[2] Petitioner alleged that as a result of receiving the Diphtheria-Tetanus-acellular Pertussis ("DTaP"), Measles-Mumps-Rubella

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

("MMR"), and Pneumococcal Conjugate ("Prevnar") vaccines on August 4, 2008, D.P. had a severe anaphylactic reaction within two minutes of the vaccinations, which caused him to suffer a grand mal seizure. Petitioner further alleged that several hours later D.P. experienced more seizures and subsequently developed a seizure disorder and secondary developmental delay. Petition at 1. On September 7, 2018, the parties filed a Proffer which I adopted as my Decision awarding damages on December 4, 2018. Decision, ECF No. 196.

On December 10, 2018, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for her attorney, Mr. Clifford Shoemaker, in the total amount of $71,511.65, representing $40,781.80 in attorneys' fees and $30,729.85 in costs. Fees App. at 1. On December 13, 2018, Petitioner filed an amended motion for attorneys' fees and costs, requesting an additional $2,500.00 in Petitioner's costs. ECF No. 198. Thus, the total amount requested is $74,011.65.

Respondent reacted to the fees motion on December 21, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 199). Petitioner did not file a reply. The matter is now ripe for adjudication.

## II. Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, Petitioner was awarded compensation pursuant to a proffer, and therefore she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a. Attorneys' Fees

Petitioner requests the following rates of compensation for work performed by her attorneys: for Mr. Clifford Shoemaker, Petitioner requests $415.00 per hour for work performed in 2015, $430.00 for work performed in 2016, $440.00 for work performed in 2017, and $450.00 for work performed in 2018; for Ms. Renee Gentry, Petitioner requests $400.00 per hour for work performed in 2015, $424.00 for work performed in 2017, and $435.00 for work performed in 2018; and for Ms. Sabrina Knickelbein, Petitioner requests $350.00 per hour for work performed in 2015, $365.00 for work performed in 2016, $378.00 for work performed in 2017, and $391.00 for work performed in 2018. *See generally* Fees App.

The rates requested herein are in conformance with what other special masters and I have consistently awarded Shoemaker, Gentry & Knickelbein attorneys. *See Nixon v. Sec'y of Health & Human Servs.*, No. 13-738V, 2019 WL 1149942, at *2 (Fed. Cl. Spec. Mstr. Feb. 6, 2019); *Cianni v. Sec'y of Health & Human Servs.*, No. 16-1052V, slip op. at 2-3 (Fed. Cl. Spec. Mstr. Sept. 21, 2018). Accordingly, no adjustment to the requested rates is required.

Turning next to the hours billed, I find that several reductions must be made. Turning first to the billing entries for Mr. Shoemaker, I find that they suffer from vagueness, an issue which I have previously expressed concern with regarding Mr. Shoemaker's billing. *See Nixon*, 2019 WL 1149942, at *2; *Cianni*, slip op. at 3. Entries by Mr. Shoemaker for correspondence, for example, simply read "Email from Renee" or "Email to and from Ron" without mentioning what the topic of the e-mail is, and review of filings simply read "Review pleading" without describing the pleading being reviewed. Fees App. at 2-6. In contrast, similar entries prepared by Mr. Shoemaker's colleagues contain an appropriate level of specificity. For example, a representative entry prepared by Ms. Gentry reads "emails from & to doj re ext request" and a representative example prepared by Ms. Knickelbein reads "Reviewed Respondent's Status Report regarding status of settlement." *Id.* at 20. Mr. Shoemaker has been warned numerous times in the past that vague billing entries make it difficult for the presiding special master to ascertain the reasonableness of the billing entries and overall time spent on the case. Accordingly, I will reduce Mr. Shoemaker's billed time by 5%. The billing records submitted show that Mr. Shoemaker billed a total of $7,310.50 in this matter. Accordingly, this results in a reduction of **$365.52**.

More concerning are the billing entries from Ms. Knickelbein from 2016 to 2018. Earlier billing entries from 2015 indicate that Ms. Knickelbein was involved in substantive work on this case, such as reviewing medical records and corresponding with Petitioner via e-mail. Fees App. at 17-18. However, starting on January 28, 2016, Ms. Knickelbein's entries consist exclusively of reviewing filings made in this case by Respondent and the Court. Fees App. 18-21. However, the billing records indicate that Mr. Shoemaker also billed for review of these same filings. Fees App. at 2-6. Given that Ms. Knickelbein appears to have had no role in this case starting in 2016 other than review of filed documents, which Mr. Shoemaker had already reviewed, I find the work performed by Ms. Knickelbein to be duplicative and ultimately unnecessary. Accordingly, I will not compensate any of the work performed by Ms. Knickelbein after January 8, 2016. This results in a reduction of **$2,089.40**. Petitioner is therefore awarded final attorneys' fees in the amount of **$38,326.88**.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $30,729.85. This amount consists of acquiring medical records, attorneys' fees for guardianship and conservatorship work done by other attorneys, and the preparation of a life care plan. Fees App. at 23. Petitioner has submitted the billing records prepared by the attorneys and the life care planner and upon review, I find the work done by the attorneys to be reasonable and well-documented. Thus, those costs shall be reimbursed in full. The billing records submitted by the life care planner are also largely reasonable with the exception of

one entry, on January 6, 2016, which billed for 16.25 hours in a single day. Fees App. at 28. Beyond the fact that this constitutes block billing, I find it extremely unlikely that "TJ" actually expended that much time in one day on record review. Accordingly, I will reduce this cost by 50% to bring it more in line with the amount of time that might be expended in a typical work day. This results in a reduction of **$812.50**.

      c. Petitioner's Costs

Pursuant to General Order No. 9, petitioner warrants that she has personally expended $2,500.00 in pursuit of this litigation. This cost is a retainer fee paid to the Jones Law Firm for the guardianship work that the firm performed. As mentioned earlier, I have reviewed the billing records prepared by the Jones Law Firm and find the hours billed and work performed to be reasonable. Thus, Petitioner's cost shall be reimbursed in full.

   III.   **Conclusion**

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $40,781.80 |
| (Reduction of Fees) | - (2,454.92) |
| **Total Attorneys' Fees Awarded** | **$38,326.88** |
| | |
| Attorneys' Costs Requested | $30,729.85 |
| (Reduction of Costs) | - ($812,50) |
| **Total Attorneys' Costs Awarded** | **$29,917.35** |
| | |
| **Total Attorneys' Fes and Costs** | **$68,244.23** |
| | |
| **Petitioner's Costs** | **$2,500.00** |
| | |
| **Total Amount Awarded** | **$70,744.23** |

    **Accordingly, I award the following:**

1) **A lump sum in the amount of $68,244.23, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Mr. Clifford Shoemaker.[3]; and**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

2) **A lump sum in the amount of $2,500.00, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).